**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JEFFREY R. FISHER,**

    **Plaintiff,**

    v.

**CITY OF CHILLICOTHE,** *et al.***,**

    **Defendants.**

Case No. 2:24-cv-2854
**JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Defendants Shawn Rourke, the Ross County Prosecutor's Office, Matthew Schmidt, and Jeffrey Marks' Motion to Dismiss. (Mot., ECF No. 10.) Plaintiff Jeffrey R. Fisher, who is proceeding without the assistance of counsel, opposed the Motion. (Opp., ECF No. 12.) Defendants replied in support of the Motion. (Reply, ECF No. 15.) For the reasons below, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 10).

**I.    BACKGROUND**

This case arises out of the investigation, arrest, prosecution, and conviction of Mr. Fisher in the Ross County, Ohio Court of Common Pleas.

Mr. Fisher was a teacher, school administrator, and former principal in the Chillicothe City School District. (Compl., ECF No. 1, ¶ 34.) In 2012, Mr. Fisher was accused of having an inappropriate relationship with "a variety of female and male students as well as professional colleagues" on an internet platform purportedly run by students. (*Id.* ¶ 39.) He alleges that he was cleared of wrongdoing and that "no evidence existed to support the accusations" after several "separate and independent investigations." (*Id.* ¶ 43.) He also contends that his accusers have since recanted their allegations. (*Id.*)

1

According to Mr. Fisher, the 2012 allegations led to a criminal investigation in 2017 by the Chillicothe City Police Department. (*Id.* ¶ 56.) Defendant Shawn Rourke was the lead detective during that investigation. (*Id.* ¶¶ 5, 31.) Mr. Fisher accuses Detective Rourke of falsifying evidence used against him in a criminal prosecution. (*Id.* ¶¶ 161, 179–81.)

On November 3, 2017, Mr. Fisher was indicted by a Ross County grand jury on seven counts of sexual battery. (Indictment, ECF No. 10-1, PageID 281–85.)[1] On December 14, 2017, Mr. Fisher appeared before the Ross County Court of Common Pleas and pleaded guilty to two counts of sexual battery. (Judgment Entry, ECF No. 10-2, PageID 286–88.) Judgment was entered against Mr. Fisher on January 18, 2019. (*Id.*) Mr. Fisher then served a 13-month term of imprisonment. (*See* Compl., ¶ 11.) He brings claims against the then-Ross County Prosecuting Attorney, Matthew Schmidt, and the current Prosecuting Attorney, Jeffrey Marks, for civil rights violations in connection with the prosecution of the case against him. (*Id.* ¶¶ 8, 32–33.)

Mr. Fisher vehemently asserts that he was wrongfully investigated, indicted, prosecuted, and convicted. He asserts that he has maintained his innocence by first moving in state court to vacate his plea agreement and dismiss the charges against him with prejudice. (*See* State Court Order, ECF No. 10-3, PageID 289–92.) In that motion, he argued that the State "possessed and used fabricated evidence to induce him into an *Alford* plea." (*Id.* PageID 291.) He also presented new evidence of text conversations that purported to show that the State knew that he was innocent and that the evidence was fabricated. (*Id.*) The state court found that the evidence submitted by Mr. Fisher pertained to dates outside the timeframe of the indictment, thus even though the State conceded that Mr. Fisher did not author one text conversation submitted as evidence, the new

---

[1] *See State of Ohio v. Jeffrey R. Fisher*, Case No. 17CR000431 (Ross Cty. Ct. of Common Pleas). This Court has authority to "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quotation omitted).

2

evidence was highly likely to be inadmissible. (*Id.*) The state court also explained that Mr. Fisher had the opportunity to make his concerns about the evidence known to the court before entering a plea agreement and could have challenged the evidence at trial. (*Id.*) Therefore, the state court overruled Mr. Fisher's motion to vacate the plea agreement and dismiss the charges against him. (*Id.*)

Less than a year later, on May 23, 2024, Mr. Fisher filed his 246-page Complaint in this Court. (Compl.) He names the City of Chillicothe, the Chillicothe City Police Department, the Ross County Prosecutor's Office, John Does from both the Police Department and Prosecutor's Office. (*Id.* ¶¶ 1–2, 9, 27–28.) He brings claims against Detective Rourke, Matthew Schmidt, and Jeffrey Marks in both their individual and official capacities. (*Id.* ¶¶ 6, 31–33.) He also names the mayor the City of Chillicothe, Luke Feeney, and Jeffrey Carman, the City of Chillicothe's Safety Service Director in their individual capacities. (Compl., ¶¶ 15–16, 29–30.)

Defendants Detective Rourke, the Ross County Prosecutor's Office, Matthew Schmidt, and Jeffrey Marks now move to dismiss Mr. Fisher's Complaint. (Mot.)

II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissing actions that fail to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (clarifying plausibility

3

standard from *Twombly*). Further, "[a]lthough for purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly,* 550 U.S. at 555) (internal quotations omitted).

A plaintiff proceeding without counsel must still satisfy the basic pleading requirements but is entitled to a liberal construction of their pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (describing the less stringent pleading requirements for pro se litigants); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (requiring pro se plaintiffs to satisfy "basic pleading essentials"). But the more lenient standard has limits. *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012). Courts "should not have to guess at the nature of the claim asserted." *Id.* (citing *Wells*, 891 F.2d at 594). The "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### III. ANALYSIS

Defendants argue that Mr. Fisher's claims against them fail as a matter of law. This Court agrees. Mr. Fisher's federal claims under 42 U.S.C. § 1983 are either time-barred by the applicable statute of limitations or by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Because dismissal of Mr. Fisher's federal claims against all Defendants is warranted, the Court declines to exercise supplemental jurisdiction over his state-law claims.

**A. Mr. Fisher's Complaint is likely barred by the statute of limitations.**

Defendants move to dismiss Mr. Fisher's federal and state-law claims as barred by the statute of limitations. (Mot., PageID 270–71.) Mr. Fisher invokes the continuing violations and

4

discovery doctrines to argue that his claims under 42 U.S.C. § 1983 were timely. (Opp., PageID 341.) Defendants respond that neither equitable rule can save his claims. (Reply, PageID 358–60.)

The statute of limitations is an affirmative defense. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). As a result, Defendants bear the burden of proof on that issue. *Id.* (citation omitted). At the motion-to-dismiss stage, Defendants may succeed on a statute of limitations defense only where it is "valid from the face of the Complaint alone" that Mr. Fisher's suit is time barred. *Williams v. Dayton Police Dep't*, 680 F. Supp. 1075, 1077 (S.D. Ohio 1987) (Rice, J.); *see also Dollison v. Antero Res. Corp.*, No. 2:21-cv-1619, 2022 U.S. Dist. LEXIS 207453, at *8 (S.D. Ohio May 4, 2022) (Watson, J.) ("[U]nless the face of the Complaint affirmatively shows that the claim is time-barred, it is generally inappropriate to dismiss a claim based on the statute of limitations." (internal quotations omitted) (cleaned up)).

Congress did not include a statute of limitations in the text of § 1983. Instead, state law provides the applicable limitations period. *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022). In Ohio, the applicable period is two years. *Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 691 (6th Cir. 2017). Federal law, on the other hand, controls when the § 1983 claim accrues. *Snyder-Hill*, 48 F.4th at 698. Ordinarily, "the statute of limitations begins to run when the reasonable person knows, or in the exercise of due diligence should have known, both his injury and the causes of that injury." *Id.* (citation omitted).

Defendants argue that Mr. Fisher's claims accrued, at the latest, when he entered a guilty plea in January 2019. (Mot., PageID 271.) But Mr. Fisher alleges that he discovered the "fraudulent conduct" in October 2022, and only learned who was responsible for the allegedly fraudulent conduct on June 16, 2023. (Compl., ¶ 471.) He argues that Defendants continued to violate his constitutional rights through June 2023. (*See id.*; *see also* Opp., PageID 341.) Put differently, he

5

argues that his discovery of the unconstitutional conduct and the continuing violations of his rights tolled the statute of limitations until June 2023, and so his Complaint is not time barred. The Court addresses Mr. Fisher's arguments chronologically.

The discovery rule says that the limitations period begins to run on the date that the plaintiff knows or has reason to know of the injury which is the basis of his action. *Snyder-Hill*, 48 F.4th at 698. For example, a § 1983 plaintiff's excessive force claim accrues on the day of the use of force because the plaintiff knew of his injury at that point, even if he did not know the identity of the officers who caused his injury. *E.g.*, *Miller v. Cocke Cty.*, No. 21-5585, 2022 U.S. App. LEXIS 1062, at *4 (6th Cir. Jan. 11, 2022).

Mr. Fisher claims that he knew that "fake evidence" was being used against him during his criminal prosecution, before he entered a plea agreement, but he "did not know that he could [] prove[]" that the evidence was fake. (Compl., ¶ 213.) Mr. Fisher's claims accrued when he learned that the alleged fake evidence was used against him, which according to Mr. Fisher happened before he entered a plea agreement on January 18, 2019. (Judgment Entry, ECF No. 10-2.) That he did not know he could prove the falsity of the evidence, or that he did not know the identities of the officers purportedly falsifying the evidence, does not change this result.

Next, Mr. Fisher submits that the statute of limitations period did not begin to run until 2023, because Defendants continued to violate his constitutional rights. (Opp., PageID 341.) The continuing violations doctrine allows the statute of limitations to be tolled when the defendant's actions constitute continuing violations. *See Broom v. Strickland*, 579 F.3d 553, 555 (6th Cir. 2009). But "[a] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Eidson v. State of Tenn. Dep't of Child.'s Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (internal quotation omitted); *see also McCune v. City of Grand Rapids*, 842

6

F.2d 903, 906 (6th Cir. 1988) (finding a "claim of wrongful continued incarceration" was an effect of a false arrest and not a continuing violation that tolled the statute of limitations).

Mr. Fisher only states that his "claims fall within the continuing violations doctrine" because of "ongoing wrongful acts." (Opp., PageID 341.) But he does not specify what ongoing wrongful acts Defendants purportedly committed, or how those continuing violations were distinguishable from continued ill effects from the original violation. Here, his injury accrued when he learned that the alleged fake evidence was being used against him by the prosecutors in his criminal case, before he entered into a plea agreement. The fact that he entered the plea agreement and served a term of imprisonment are continued ill effects from the allegedly original unlawful acts of the false arrest, malicious prosecution, or wrongful suppression of exculpatory evidence. Thus, the continuing violations doctrine did not toll the statute of limitations. Nor can the discovery rule cannot save his claims. Mr. Fisher's claims accrued in January 2019, and expired before he filed his Complaint in 2024. Thus, his Complaint is barred by the statute of limitations. But even if his claims were not time barred, they are subject to dismissal on other grounds.

> **B. Even if Mr. Fisher's federal claims, were not time-barred, they would be subject to dismissal under *Heck v. Humphrey*.**

Defendants argue that if Mr. Fisher's federal claims are not time barred, they are barred under *Heck v. Humphrey*. 512 U.S. 477 (1994). In *Heck*, the U.S. Supreme Court held that an action under § 1983 cannot proceed if it undermines a criminal conviction not reversed on an appeal or vacated by expungement or by writ of habeas corpus. *Id.* at 486–87; *see also Qualls v. Crow*, No. 2:23-cv-3889, 2023 U.S. Dist. LEXIS 224683, at *7 (S.D. Ohio Dec. 18, 2023) (Deavers, M.J.), *adopted by* 2024 U.S. Dist. LEXIS 196324, at *4 (S.D. Ohio Oct. 29, 2024). If Mr. Fisher seeks to challenge his state court conviction, the proper remedy was through a petition for a writ of habeas corpus, not by collaterally challenging his conviction in a civil action in federal court. *See id.* That

7

is because a judgment in Mr. Fisher's favor in this civil action on claims stemming from his state court proceeding would imply that his guilty plea is invalid. *Heck*, 512 U.S. at 487. Besides his own assertions that he is innocent, Mr. Fisher has not alleged facts that his sentence has been invalidated by a federal or state court or another appropriate tribunal. *Id.*

To avoid the import of *Heck*, Mr. Fisher argues that he is "challenging the fabrication of evidence and prosecutorial misconduct that led to his plea, not the validity of the conviction itself." (Opp., PageID 412.) But his claims of prosecutorial misconduct and that evidence was fabricated, if successful, would undermine his criminal conviction. *Morris v. Huffman*, No. 3:22-cv-278, 2022 U.S. Dist. LEXIS 232923, at *9 (S.D. Ohio Dec. 28, 2022) (Gentry, M.J.) (explaining that a judgment in the plaintiff's favor on his claims of prosecutorial misconduct would imply the invalidity of his conviction), *adopted and affirmed*, 2023 U.S. Dist. LEXIS 13976, at *1 (S.D. Ohio Jan. 26, 2023) (Newman, J.). Thus, Mr. Fisher cannot challenge these issues in a § 1983 claim unless he can show that his conviction or sentence has been invalidated. *Heck*, 512 U.S. at 486–87.

Mr. Fisher also argues that "[c]ourts have recognized exceptions to *Heck* where the plaintiff is unable to challenge the conviction through direct appeal or post-conviction relief." (Opp., PageID 341.) Although the Sixth Circuit has held that *Heck* does not prohibit a § 1983 claim by a former prisoner who never had the opportunity to seek habeas relief, that exception does not apply to plaintiffs who could have sought habeas review but failed to do so. *See Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 601–03 (6th Cir. 2007). Mr. Fisher does not allege that he never had the opportunity to seek habeas relief, only that he failed to do so. As a result, *Heck* applies to his § 1983 claims.

8

Since Mr. Fisher's § 1983 claims are barred by *Heck*, the Court need not address whether Defendants Schmidt and Marks are entitled to absolute immunity as prosecutors or whether the Ross County Prosecutor's Office and Chillicothe Police Department are legal entities capable of being sued under Ohio law. (*See* Mot., PageID 273–74 (arguing Defendants Schmidt and Marks are entitled to absolute immunity), PageID 275–76 (describing the County Prosecutor's Office and Police Department as "not suis juris" i.e., not legal entities capable of suit).)

Because Mr. Fisher's claims are barred by *Heck v. Humphrey*, even though only Detective Rourke, the Ross County Prosecutor's Office and Defendants Schmidt and Marks move to dismiss Mr. Fisher's claims, the Court finds that dismissal of Mr. Fisher's federal claims is warranted. *See* Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lack subject-matter jurisdiction, the court must dismiss the action."); *Madkins v. City of Memphis*, 20 F. App'x 335, 336-37 (6th Cir. 2001) (affirming dismissal of case of lack of subject matter jurisdiction because the plaintiff's § 1983 complaint was barred by *Heck*). Accordingly, Mr. Fisher's federal claims against all Defendants must be **DISMISSED**.

### C. The Court declines to exercise supplemental jurisdiction over Mr. Fisher's state-law claims.

That leaves Mr. Fisher's state-law claims for intentional infliction of emotional distress, defamation, libel, and slander, among other claims. (*See* Opp., PageID 342.) A federal court may exercise supplemental jurisdiction over state-law claims that constitute part of the same case or controversy as the claim over which the court has original jurisdiction. 28 U.S.C. § 1367. But a district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it had original federal jurisdiction. *Id.* § 1367(c)(3). "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of*

9

*Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). But "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (citation omitted).

Mr. Fisher's federal claims are dismissed and the remaining state-law claims do not implicate significant federal interests to warrant the exercise of federal jurisdiction. The Court declines therefore to "needlessly decid[e] state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Since the Court declines to exercise supplemental jurisdiction, his state-law claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1367(c)(3).

## IV. CONCLUSION

For the reasons above, Defendants' Motion to Dismiss (ECF No. 10) is **GRANTED**. Mr. Fisher's federal claims against all Defendants under § 1983 are **DISMISSED**. The Court declines to exercise supplemental jurisdiction over Mr. Fisher's remaining state-law claims and thus **DISMISSES without prejudice** those claims.

The Clerk is directed to enter judgment and close this case.

**IT IS SO ORDERED.**

**2/19/2025**                              **s/Edmund A. Sargus, Jr.**
**DATE**                                        **EDMUND A. SARGUS, JR.**
                                                        **UNITED STATES DISTRICT JUDGE**